Francis H. Morrison III (*pro hac vice* pending)
AXINN VELTROP HARKRIDER LLP
90 State House Square
9th Floor
Hartford, Connecticut 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
Email: fhm@avhlaw.com

Ben M. Davidson (State Bar No. 181464)
Heather H. Fan (State Bar No. 215201)
DAVIDSON LAW GROUP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 473-2300
Facsimile: (310) 473-2941
Email: bdavidson@davidson-lawfirm.com
Email: hfan@davidson-lawfirm.com

Attorneys for Plaintiffs MEGA BRANDS, INC.
and MEGA BRANDS AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGA BRANDS INC., a foreign corporation, and MEGA BRANDS AMERICA, INC., a New Jersey corporation, | Civil Action No. |
| | **SACV12 - 0064 JVS (ANx)** |
| Plaintiffs, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| LEGO JURIS A/S, a foreign corporation, and LEGO GROUP a foreign corporation, | |
| Defendants. | |

Plaintiffs MEGA Brands Inc. and MEGA Brands America, Inc. (collectively, "MEGA Brands"), by their undersigned attorneys, for their Complaint against Defendants LEGO Juris A/S and LEGO Group ("LEGO"), allege as follows:

## INTRODUCTION

1.     MEGA Brands brings this action to stop LEGO's illegal efforts to monopolize the construction toy market through illegal anti-competitive practices including, but not limited to, use of fraudulently obtained IP rights to interfere with MEGA Brands' right to continue to import certain competitive products into the United States.

2.     On information and belief, LEGO engaged in *ex parte* communication (including one or more meetings) with the United States Customs and Border Protection Agency ("Customs") during which LEGO improperly asserted exclusive rights to the functional cylindrical stud element that is commonly used in construction blocks based on a trademark registered with the Customs (LEGO's Trademark Registration No. 2,273,314 for a "cylindrical surface feature" (the "LEGO trademark")).

3.     LEGO obtained the LEGO trademark and used the registration to mislead the Customs service into believing that LEGO had exclusive rights to the functional cylindrical stud element despite knowing that there was no objective basis for the assertion because, among other things, the configuration of the LEGO block has already been adjudged to be "wholly functional" and that courts in various actions throughout the world have rejected LEGO's claim to exclusive rights to the functional cylindrical stud element.

4.     Customs has advised MEGA Brands and its customer that it will not clear certain products that MEGA Brands lawfully seeks to import on the suspicion that those products infringe the LEGO trademark.  The LEGO trademark upon which Customs' determination is based is invalid because of misrepresentations made by LEGO and its predecessor-in-interest to procure and impermissibly expand the scope of the trademark.  LEGO's use of a fraudulently procured trademark together with misrepresentations to Customs to assert exclusive rights it knows it does not have is nothing more than the latest effort by LEGO to

1  monopolize the construction toy market and sabotage the success of its biggest
2  competitor, MEGA Brands.  In this instance, LEGO is attacking MEGA Brands'
3  highly successful "HALO" product line based on the HALO franchise owned by
4  Microsoft Corporation.

5      5.   MEGA Brands therefore seeks a declaratory judgment that its
6  products do not infringe on any valid trademark owned by LEGO, and an
7  injunction ordering LEGO to consent to MEGA Brands' importation of those
8  products.  Because LEGO's anticompetitive actions include fraudulent
9  representations designed to monopolize the construction toy market by foreclosing
10  MEGA Brands from the market, MEGA Brands also seeks relief for LEGO's
11  violation of federal antitrust laws and state unfair competition laws.

12              **JURISDICTION AND VENUE**
13      6.   This Court has subject matter jurisdiction over this matter pursuant to
14  28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

15      7.   This Court has personal jurisdiction over LEGO by virtue of LEGO's
16  transacting, doing, and soliciting business in this District, and because LEGO's
17  actions giving rise to this matter were directed at this District and caused injury to
18  MEGA Brands in this district.

19      8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

20                  **PARTIES**
21      9.   Plaintiff MEGA Brands Inc. is a corporation existing under the laws
22  of Canada with its principal place of business located at 4505 Hickmore, Montreal,
23  Québec, Canada H4T 1K4.  Plaintiff MEGA Brands Inc. manufactures and
24  markets a family of global brands in construction toys, games and puzzles, arts and
25  crafts, and stationery, including the MEGA BLOKS, ROSE ART, MEGA
26  PUZZLES, MEGA GAMES and BOARD DUDES brands.

27      10.   Plaintiff MEGA Brands America, Inc. is a corporation existing under
28  the laws of New Jersey with its principal place of business located at 36

Technology Drive, Suite 250, Irvine, California 92618.  Plaintiff MEGA Brands America, Inc. is a wholly-owned indirect subsidiary of MEGA Brands, Inc.

11.    On information and belief, Defendant LEGO Juris A/S is a subsidiary of LEGO Group and a corporation existing under the laws of Denmark with its principal place of business in Billund, Denmark.

12.    On information and belief, Defendant LEGO Group is a corporation based in Billund, Denmark that has subsidiaries (including Defendant LEGO Juris A/S) and branches throughout the world.  The LEGO Group operates retail stores in this district including The LEGO® Store 3333 Bristol Street, Costa Mesa, CA 92626 and The LEGO® Store 1585 South Disneyland Drive, Anaheim, CA 92082.

## BACKGROUND

13.    MEGA Brands is a world leader in the design and sale of construction toys for children.  Currently, MEGA Brands is, after LEGO, the second largest construction toy company in the world.

14.    On information and belief, according to a recent consumer panel conducted by the NPD Group, LEGO's sales account for 85.5% of the U.S. market for construction toys for older children.

15.    Since at least 1991, both LEGO and MEGA Brands have used a cylindrical stud as a key functional component in their respective construction toy systems.

16.    Before their use by LEGO or MEGA Brands, cylindrical studs (alternatively referred to as "pins" or "projections") were used as a key functional element on toy construction bricks developed by Harry Fisher Page of KIDDICRAFT (a U.K. Company) in the 1940's.  Mr. Page was granted patent protection for the brick in the UK, France and elsewhere.  Unbeknownst to Mr. Page, LEGO copied the KIDDIECRAFT product configuration in a jurisdiction (Denmark) where there was no active patent protection.  LEGO further improved the brick in the 1950's by adding "tubes" or secondary projections in the hollow

3

1   cavity of the brick.  LEGO was also granted patent rights in the improved brick

2   and enjoyed these rights until the patents expired in the 1980's.

3        17.    MEGA Brands did not enter the market with its MICRO bricks until

4   1991, years after the last of LEGO's patents expired.  MEGA Brands developed its

5   own range of construction bricks, which it sold in theme sets, buckets and other

6   formats, under the distinctive MEGA BLOKS trademark.  MEGA Brands has also

7   obtained licenses for its theme sets from, among others, the Microsoft Corporation,

8   Nickelodeon/Viacom International, Marvel, Caterpillar and John Deere.

9        18.    MEGA Brands has achieved enormous success in the sale of theme

10   sets that include MICRO bricks.  Among the many companies that sell

11   construction toy systems that use the cylindrical stud functional element, MEGA

12   Brands is considered LEGO's strongest and most innovative rival.

13        19.    Subsequent to the expiry of its patents, LEGO has sought to maintain

14   its monopoly by asserting other types of intellectual property rights, including

15   copyrights, design rights and now trademarks.

16        20.    In one of the first actions in which LEGO sought trademark protection

17   for its brick design, *Tyco Industries, Inc. v. LEGO Systems, Inc.*, 5 U.S.P.Q.2D

18   (D.N.J 1987), *aff'd*, 853 F.2d 921 (3d Cir.), *cert. denied*, 488 U.S. 955 (1988), the

19   Court (Judge Brown) found that the LEGO block is "wholly functional" and

20   denied trademark protection on that basis.  The Court specifically referenced the

21   functionality of the cylindrical studs on the brick surface in cooperation with the

22   tubes on the bottom of the brick.

23        21.    Courts throughout the world have likewise held that LEGO cannot

24   maintain a monopoly on a once-patented technical invention under the guise of

25   trademark law. LEGO has failed in its efforts to claim exclusive rights to the

26   functional cylindrical stud element in various actions around the world.  Although

27   LEGO has aggressively pursued infringement litigation against its competitors

28   (including MEGA Brands), courts repeatedly have rejected LEGO's efforts to

1   claim exclusive rights to the functional elements of its building blocks for at least

2   10 years.  Specifically, LEGO has attempted without avail to assert exclusive

3   rights to its cylindrical studs against MEGA Brands and/or its local distributors in

4   France, Canada, Belgium, Germany, Greece, Portugal, Spain, the Philippines, the

5   Netherlands, the Czech Republic and Italy. Moreover, LEGO's Community

6   trademark registration for the shape of the 2x4 brick, which features 8 pins, was

7   cancelled by Europe's highest court (the Court of Justice of the European Union)

8   in a judgment dated September 14, 2010 specifically on the basis of the

9   functionality of the pins. LEGO's trademark claims were also dismissed by the

10  Supreme Court of Canada in a judgment dated November 17, 2005 as well as by

11  the Supreme Court of France in 1997, the Supreme Court of Germany in 2004, the

12  Supreme Court of Spain in 2007, the Supreme Court of Italy in 2008 and the

13  Supreme Court of The Netherlands in 2009.  LEGO's recent attempt to enforce

14  equally invalid rights in the United States should be rejected just as it has been

15  rejected in other jurisdictions.

16              **LEGO's Improper Communications with Customs**

17          22.     MEGA Brands' construction toy systems are packaged in Canada

18  and/or China from parts manufactured in Canada and/or China and imported into

19  the United States for sale to United States customers.  Over 50% of MEGA

20  Brands' construction toys are made in Canada. The continued success of MEGA

21  Brands' construction toy systems depends, therefore, on an efficient and

22  unobstructed importation of toy packages through Customs and into the United

23  States.

24          23.     On or about January 6, 2012, MEGA Brands' retail customer Toys-R-

25  Us was notified that products currently scheduled for importation and ultimate

26  distribution to Toys-R-Us (including but not limited to MEGA Brands products)

27  might be detained by Customs because of a complaint by LEGO.

28

24. On January 10, 2011, MEGA Brands was informed by Christine Hogue, supervisor of the U.S. Customs and Border Patrol Toy Team, that Customs intends to detain those products. MEGA Brands learned that Customs intends to seize the products on the suspicion that those products infringe the LEGO trademark.

25. On information and belief, LEGO had recorded an invalid trademark registration with Customs in advance of MEGA Brands' planned shipments. LEGO then engaged in *ex parte* communication with Customs and provided selected materials to Customs to mislead Customs into believing that the LEGO trademark gave LEGO exclusive rights to the functional cylindrical stud element that is commonly used in construction blocks.

26. At the time of its *ex parte* communications with Customs, LEGO knew that the United States District Court of New Jersey had previously ruled that the LEGO block was "wholly functional" and denied trademark protection on that basis *Tyco Industries, Inc. v. Lego Systems, Inc.*, 5 U.S.P.Q.2D (D.N.J 1987), *aff'd*, 853 F.2d 921 (3d Cir.), *cert. denied*, 488 U.S. 955 (1988). LEGO also knew that it had failed in its efforts to claim exclusive rights to the functional cylindrical stud element in various actions around the world. Courts throughout the world have held that LEGO cannot re-monopolize a once patented technical invention under the guise of trademark law.

27. On information and belief, LEGO did not tell Customs of these prior court decisions. Instead, LEGO directed Customs to seize MEGA Brands' products before their importation into the United States in order to prevent MEGA Brands from selling its products to customers and to keep MEGA Brands from gaining market share from LEGO.

## LEGO's Improper Actions Before the Trademark Office

28. The LEGO trademark at issue is U.S. Trademark Registration No. 2,273,314, issued on August 31, 1999 for the design of a "cylindrical surface

6

1    feature" (hereinafter referred to as a "stud") for "toy vehicles; toy figures and

2    construction toys." This Registration was issued originally to Kirkbi AG and later

3    assigned to LEGO. LEGO's Registration is attached hereto as Exhibit 1 and is

4    incorporated into this Complaint by reference.

5        29.    An examination of LEGO's Registration confirms that the subject of

6    the Registration was obtained and maintained under false pretenses because LEGO

7    knew that it could not legitimately assert exclusive rights in the cylindrical stud

8    that is an essential functional element of construction toy building blocks. Among

9    other things, LEGO evaded a direct inquiry concerning designs used by

10   competitors – withholding the highly material history and ubiquity of the

11   functional cylindrical stud element. Moreover, LEGO led the United States Patent

12   and Trademark Office ("Trademark Office") to believe that LEGO was *not* seeking

13   protection for the cylindrical stud functional element, but that, instead, it was

14   seeking protection only for its use as an element of product packaging.

15       30.    LEGO was, of course, well aware that courts throughout the world

16   had held that the cylindrical studs on LEGO's building blocks are *functional*, and

17   thus not eligible for trademark protection. To avoid the certain objection of the

18   Trademark Office, LEGO withheld material information, evaded Trademark Office

19   inquires and made misleading statements to suggest to the Trademark Office that it

20   was *not* seeking to register the functional cylindrical stud element.

21       31.    LEGO's Registration is invalid for the additional reason that LEGO's

22   predecessor, Kirkbi, obtained the Registration by intentionally misleading the

23   Trademark Office when it applied for the Registration. For example, Kirkbi failed

24   to disclose the functionality of its cylindrical studs to the Trademark Office and did

25   not inform the Trademark Office that the principal of Kirkbi had obtained a *patent*

26   on the use of cylindrical studs in construction toys. Indeed, Kirkbi affirmatively

27   represented to the Trademark Office during prosecution of the trademark

28   registration that its cylindrical studs were *not* the subject of any issued design or

7

1  utility patents. Kirkbi also affirmatively represented to the Trademark Office
2  during prosecution that the cylindrical studs were *not* functional, despite the fact
3  that the cylindrical studs' essential purpose is to enable combination and
4  construction of building block toys. The Trademark Office would not have issued
5  a registration to Kirkbi – and LEGO would not have any trademark rights to
6  enforce – if Kirkbi had disclosed the truth about the cylindrical studs'
7  functionality. Excerpts of the file history are attached hereto as Exhibit 2 and are
8  incorporated into this Complaint by reference.

9       32.    LEGO's predecessor's conduct in front of the Trademark Office, in
10 addition to establishing LEGO's fraud and invalidating LEGO's trademark, limits
11 the scope of the trademark rights that LEGO would be able to assert even if the
12 trademark were valid. Kirkbi repeatedly represented to the Trademark Office that
13 it was only claiming trademark rights over "cylindrical surface features" used on
14 the *packaging* of its products, not on the products themselves.

15      33.    To date, Customs has not sent a formal notice of detention or seizure
16 to MEGA Brands, leaving MEGA Brands' products in a state of limbo and leaving
17 MEGA Brands without any certainty that it will be able to obtain and deliver its
18 products to retailers.

19      34.    If MEGA Brands is not allowed to continue to import its goods, it
20 faces cancellation of a substantial quantity of purchase orders from its retail
21 customers, including but not limited to Toys-R-Us, as well as the loss of goodwill
22 and reputation caused by its inability to fulfill purchase orders. The goods that will
23 be detained by Customs are earmarked for delivery to large retail customers of
24 MEGA Brands.

25      35.    Monetary relief against LEGO will not adequately remedy the harm
26 caused by LEGO's interference with MEGA Brands' importation of products.
27 Unless MEGA Brands obtains an injunction ordering LEGO to consent to
28 continued importation of MEGA Brands' goods, MEGA Brands will lose

1  invaluable opportunities to maintain and develop business relationships with its

2  retail customers, licensors, and with individual consumers in the United States.

3                    **FIRST CAUSE OF ACTION**

4          **(DECLARATORY JUDGMENT OF INVALIDITY)**

5          36.    MEGA Brands incorporates the allegations in the foregoing

6  paragraphs as if the same were set forth herein.

7          37.    On information and belief, LEGO is the owner by assignment of U.S.

8  Trademark Registration No. 2,273,314.

9          38.    U.S. Trademark Registration No. 2,273,314 is invalid and

10 unenforceable against MEGA Brands because:

11             a.    the "cylindrical surface feature" covered by the trademark is

12                   generic and/or functional and therefore not entitled to protection

13                   under United States trademark laws, and

14             b.    LEGO's predecessor obtained the Registration by fraud, by

15                   withholding highly material information; by intentionally

16                   misleading the PTO as to the functionality of the "cylindrical

17                   surface feature" and by intentionally failing to disclose that the

18                   "cylindrical surface feature" was depicted in expired patents at

19                   the time LEGO sought trademark registration.

20         39.    MEGA Brands is entitled to a declaration pursuant to the federal

21 Declaratory Judgment Act, 28 U.S.C. § 2201, that LEGO's Trademark Registration

22 No. 2,273,314 is invalid and unenforceable against LEGO.  There is an actual case

23 or controversy between MEGA Brands and LEGO requiring a declaration because

24 LEGO's assertion of its trademark rights has caused Customs to warn MEGA

25 Brands that it will detain MEGA Brands' products, thus preventing MEGA Brands

26 from distributing those products to customers and causing MEGA Brands

27 immediate and irreparable harm.

28

40.    MEGA Brands is also entitled to a preliminary and permanent injunction restraining LEGO from interfering with MEGA Brands' importation of products into the United States on the grounds of the LEGO trademark and ordering LEGO to consent immediately to continued importation of MEGA Brands' goods.

## SECOND CAUSE OF ACTION

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

41.    MEGA Brands incorporates the allegations in the foregoing paragraphs as if the same were set forth herein.

42.    On information and belief, LEGO is the owner by assignment of U.S. Trademark Registration No. 2,273,314.

43.    In prosecuting the trademark in front of the Trademark Office, LEGO's predecessor, Kirkbi, only claimed trademark rights as they pertained to the *packaging* of products, not to the products themselves.  LEGO therefore cannot enforce any trademark rights against MEGA Brands' products themselves.

44.    The packaging of MEGA Brands' products does not infringe any valid trademark owned by LEGO.  That packaging does not contain the allegedly infringing three dimensional "cylindrical surface feature."

45.    MEGA Brands is entitled to a declaration pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, that its products do not infringe LEGO's Trademark Registration No. 2,273,314, because that Registration applies only to packaging and MEGA Brands' packaging does not infringe any trademark rights claimed by the Registration.  There is an actual case or controversy between MEGA Brands and LEGO requiring a declaration because LEGO's assertion of its trademark rights has caused Customs to warn MEGA Brands that it will detain MEGA Brands' products, thus preventing MEGA Brands from distributing those products to customers and causing MEGA Brands immediate and irreparable harm.

46.    MEGA Brands is also entitled to a preliminary and permanent injunction restraining LEGO from interfering with MEGA Brands' importation of products into the United States on the grounds of the LEGO trademark and ordering LEGO to consent immediately to continued importation of MEGA Brands' goods.

### THIRD CAUSE OF ACTION

### (MONOPOLIZATION AND ATTEMPTED MONOPOLIZATION IN VIOLATION OF SECTION 2 OF THE SHERMAN ACT)

47.    MEGA Brands incorporates the allegations in the foregoing paragraphs as if the same were set forth herein.

48.    These claims arise under Section 2 of the Sherman Act, (15 U.S.C. § 2), and Sections 4(a) and 16 of the Clayton Act (15 U.S.C. §§ 15(a) and 26). These claims seek treble damages and injunctive and other relief arising out of LEGO's unlawful monopolization and attempted monopolization of the United States market for construction toys.

49.    The relevant product market is construction toys, which are also commonly referred to as building sets.  Construction toys are collections of individual pieces with interlocking features that can be connected or taken apart in a number of ways.

50.    The relevant geographic market is the United States.  LEGO and MEGA Brands principally compete to sell construction toys to toy retailers across the United States, including major retailers like Wal-Mart, Toys R' Us, and Target. In corporate presentations, LEGO refers to the United States as a distinct market for its products and a target area for future growth.

51.    Construction toys are not reasonably interchangeable with other types of toys.  Major retailers would not substitute other types of toys in response to an increase in the price of construction toys.  Retailers' customers also would not

1   substitute other types of toys in response to an increase in the price of construction

2   toys.

3       52.    There are substantial barriers which make new brands unlikely to

4   successfully enter the construction toy market in a timely manner.  For example,

5   successful entry requires a high initial investment in specialized production and

6   tooling equipment and facilities, as well as substantial continuing investment in

7   research and development.  Other barriers to entry include entrenched buyer

8   preferences and brand loyalty to LEGO, as well as limited retail shelf space

9   already dominated by LEGO.

10      53.    Other established companies have tried to enter the construction toy

11   market and failed.  In or around 2003, Hasbro attempted to enter the market with

12   its "Built to Rule" line of building sets.  The products failed to achieve market

13   penetration and were removed from the market in or around 2005.

14      54.    LEGO has monopoly power in the construction toy market, which

15   includes the power to control prices or exclude competition.  According to a recent

16   consumer panel conducted by the NPD Group,  LEGO recorded 85.5% of sales in

17   the construction toy market.  MEGA Brands was its next largest competitor.  Other

18   companies in the market include K'NEX, Hasbro, ITOYS, BRIO, and BEST-

19   LOCK.

20      55.    MEGA Brands' prices for relevant products are consistently and

21   substantially lower than LEGO's prices.  MEGA Brands is also a leading innovator

22   in the market.  For example, MEGA Brands was the first company to market

23   buildable robots (its Blok Bots and Gyro Fighters sets were later followed by

24   LEGO's Bionicle sets) and was the first company to include buildable action

25   figures with construction toy sets (its Dragons line launched in 2002 and was

26   followed in 2005 by LEGO's Viking and Dino Attack lines).  MEGA Brands was

27   also the first company to market buildable spinning tops (its Battle Strikers

28   building sets were followed by LEGO's Ninjago sets).  Most recently, MEGA

12

1  Brands was the first to successfully merchandise the translation of video game

2  content into construction toys with its HALO products.

3       56.    LEGO's specific intent to monopolize is evidenced by, along with

4  other evidence of illegal conduct, the fact that LEGO has actually excluded MEGA

5  Brands' relevant products from the United States by asserting its fraudulently

6  obtained and maintained LEGO trademark rights with Customs.

7       57.    As a result of LEGO's anticompetitive conduct, a dangerous

8  probability exists that LEGO will succeed in achieving monopoly power in the

9  construction toy market.

10       58.    In order to obtain the LEGO trademark at issue, LEGO withheld

11  material information from the Trademark Office, evaded Trademark Office

12  inquiries, and made false and misleading statements to suggest to the Trademark

13  Office that it was not seeking to register the cylindrical stud element. The

14  Trademark Office reasonably relied on the information provided by LEGO and its

15  predecessors in assessing the validity of the trademark. LEGO knew that the

16  trademark was fraudulently obtained and maintained because LEGO knew that it

17  could not have legitimately asserted exclusive rights in an essential functional

18  element, i.e., the cylindrical stud. Absent the fraud, the LEGO trademark would

19  not have been granted, as demonstrated by LEGO's prior unsuccessful attempt to

20  trademark its brick and the reviewing court's particular comments on the

21  functionality of the cylindrical stud element.

22       59.    LEGO's assertion of the LEGO trademark rights with Customs was

23  objectively baseless given LEGO's prior unsuccessful attempts to trademark the

24  cylindrical stud. Further, no reasonable litigant could have anticipated success on

25  the merits when LEGO's repeated efforts to assert exclusive rights to the

26  cylindrical studs have failed in various actions around the world.

27       60.    LEGO's actions are evidence of its subjective intent to interfere

28  directly with MEGA Brands' business relationships. LEGO's only possible

13

COMPLAINT

1  purpose in knowingly asserting the fraudulently obtained and maintained LEGO

2  trademark with Customs was to prevent entry of MEGA Brands' competing

3  products into the U.S. and thereby preventing the sale of those products to large

4  retail customers.

5      61.   LEGO's actions already have caused harm to competition and

6  consumers by excluding MEGA Brands' high-quality, lower priced, and innovative

7  products from the market. But if LEGO's use of the invalid trademark is not

8  halted, LEGO also will have the means of virtually foreclosing all competing

9  suppliers of building sets incorporating cylindrical studs as functional elements,

10 resulting in higher prices to consumers, reduced output, and decreased innovation.

11     62.   LEGO's actions have caused competitive injury to MEGA Brands by

12 excluding MEGA Brands' lower priced and innovative competing products from

13 the market. MEGA Brands has also suffered other injury to its business and

14 property by reason of LEGO's illegal monopolization and attempted

15 monopolization, including, but not limited to, the cost of the instant litigation.

16              **FOURTH CAUSE OF ACTION**

17 **(UNLAWFUL AND UNFAIR COMPETITION IN VIOLATION OF**

18 **SECTION 17200 OF THE CALIFORNIA BUSINESS AND PROFESSIONS**

19                        **CODE)**

20     63.   MEGA Brands incorporates the allegations in the foregoing

21 paragraphs as if the same were set forth herein.

22     64.   These claims arise under Section 17200 through 17209 of the

23 California Business and Professions Code (Cal. Bus. & Prof. §§ 17200-17209).

24 These claims seek injunctive and declaratory relief arising out of LEGO's unlawful

25 and unfair competitive practices.

26     65.   LEGO's acts in violation of several provisions of law, including its

27 monopolization and attempted monopolization of the relevant market under

28 Section 2 of the Sherman Act, constitute unlawful business acts or practices.

14

66.     LEGO also has engaged in unfair business acts or practices.  LEGO's effort to exclude MEGA Brands' products from the market by asserting the fraudulently obtained and maintained LEGO trademark, at the very least, threatens an incipient violation of federal antitrust laws and violates the policy and spirit of those laws.  LEGO's conduct also significantly threatens or harms competition in that the enforcement of the LEGO trademark by Customs could foreclose importation of virtually all competing relevant products.  LEGO's acts and practices as described herein are entirely and substantially injurious to competition and consumers, and they convey no benefit that outweighs those injuries.

## FIFTH CAUSE OF ACTION

## (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

67.     MEGA Brands incorporates the allegations in the foregoing paragraphs as if the same were set forth herein.

68.     MEGA Brands has entered into economic relationships with various of its retail customers, whereby those customers have placed orders for MEGA Brands' products and wish to market those products to customers in the United States.  These relationships offer a probable economic benefit to MEGA Brands.

69.     LEGO is aware of the existence of MEGA Brands' relationships with its retail customers, and is aware that MEGA Brands seeks to deliver the goods threatened with detention to those retail customers.

70.     LEGO engaged in wrongful conduct designed to interfere with these relationships, by seeking to enforce invalid trademark rights with the intent of stopping MEGA Brands from selling its products to customers.

71.     LEGO's actions have, in fact, damaged the relationship between MEGA Brands and its customers, by interfering with MEGA Brands' ability to fulfill purchase orders placed by those customers.

COMPLAINT

72.    MEGA Brands has been harmed by LEGO's intentional interference with MEGA Brands' business relationships with its customers.

73.    LEGO's actions have also damaged MEGA Brands' relationship with its licensors by damaging MEGA Brands' reputation for respecting intellectual property rights, which will harm MEGA Brands' ability to maintain licenses to intellectual property and acquire additional licenses in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, MEGA Brands respectfully requests that the Court enter judgment for MEGA Brands and against LEGO, and:

a.    Declare that MEGA Brands' products do not infringe any of LEGO's valid trademarks recorded with Customs;

b.    Declare that LEGO's U.S. Trademark Registration No. 2273314 is invalid;

c.    Enter a preliminary and permanent injunction restraining LEGO from interfering with MEGA Brands' importation of its products into the United States and from representing to Customs that MEGA Brands' products infringe the LEGO trademark;

d.    Enter a preliminary and permanent injunction requiring LEGO to consent immediately to continued importation of MEGA Brands' goods;

e.    Declare that LEGO's conduct alleged herein constitutes a violation of Section 2 of the Sherman Act, (15 U.S.C. § 2);

f.    Declare that LEGO's conduct alleged herein constitutes a violation of Section 17200 through 17209 of the California Business and Professions Code (Cal. Bus. & Prof. §§ 17200-17209);

16

g.    Declare that LEGO's conduct alleged herein constitutes intentional interference with MEGA Brands' prospective economic advantage;

h.    Enter a preliminary and permanent injunction restraining LEGO from acting in violation of the Sherman Act and the California Business and Professions code and from intentionally interfering with MEGA Brands' prospective economic advantage;

i.    Award MEGA Brands treble damages sustained by MEGA Brands as a result of LEGO's conduct in violation of the Sherman Act;

j.    Award MEGA Brands compensatory damages sustained by MEGA Brands as a result of LEGO's conduct alleged herein;

k.    Award MEGA Brands its attorney's fees and costs associated with this litigation; and

l.    Grant MEGA Brands such other and further relief as the Court deems just and proper.

Respectfully submitted,

AXINN VELTROP HARKRIDER LLP
Francis H. Morrison III

DAVIDSON LAW GROUP
Ben M. Davidson

Dated:  January 13, 2012        By:  _Ben Davidson_____

                                     Ben M. Davidson

                                     Attorneys for Plaintiffs
                                     MEGA BRANDS, INC. and MEGA
                                     BRANDS AMERICA. INC.

17

COMPLAINT

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs Mega Brands, Inc. and Mega Brands America, Inc. demand a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted,

AXINN VELTROP HARKRIDER LLP
Francis H. Morrison III

DAVIDSON LAW GROUP
Ben M. Davidson

Dated:   January 13, 2012          By: _____

Ben M. Davidson

Attorneys for Plaintiffs
MEGA BRANDS, INC. and MEGA
BRANDS AMERICA. INC.

JURY DEMAND

**EXHIBIT  1**

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

Reg. No. 2,273,314

## United States Patent and Trademark Office

Registered Aug. 31, 1999

## TRADEMARK
## PRINCIPAL REGISTER



KIRKBI AG (SWITZERLAND CORPORATION)
NEUHOFSTRASSE 21
CH-6340
BAAR, SWITZERLAND

FOR: TOY VEHICLES; TOY FIGURES AND
CONSTRUCTION TOYS, IN CLASS 28 (U.S.
CLS. 22, 23, 38 AND 50).

FIRST USE 0-0-1961; IN COMMERCE
0-0-1961.

THE MARK CONSISTS OF A CYLINDRICAL
SURFACE FEATURE AND IS NOT THE CON-
FIGURATION OF ENTIRE PRODUCT OR
PACKAGING.

SEC. 2(F).

SER. NO. 75-281,464, FILED 4-25-1997.

SALLY SHIN, EXAMINING ATTORNEY

**EXHIBIT 2**

## UNITED STATES PATENT AND TRADEMARK OFFICE
## APPLICATION FOR REGISTRATION OF A TRADEMARK

| | |
|---|---|
| **MARK:** | Miscellaneous Design |
| **CLASS:** | 28 |
| **APPLICANT:** | Kirkbi AG |
| **ADDRESS:** | Neuhofstrasse 21<br>CH-6340<br>Baar, Switzerland |
| **ENTITY:** | Aktiengesellschaft (corporation)<br>organized and existing under the laws of<br>Switzerland |
| **OUR REF:** | LEGO 97/ |

**TO THE COMMISSIONER OF PATENTS AND TRADEMARKS:**

The above identified applicant has adopted and is using the mark shown in the accompanying drawing for the following goods:

toy vehicles; toy figures and
construction toys

and requests that said mark be registered in the United States Patent and Trademark Office in the Principal Register established by the Act of July 5, 1946 under Section 2(f).

The mark was first used for the goods by a predecessor of applicant at least as early as 1961; was first used for the goods by a predecessor of applicant in commerce, which may lawfully be regulated by Congress, between Denmark and the United States at least as early as 1961; and is now in use in interstate commerce by a related company of applicant located in the U.S.

The mark is used on packaging for the goods and by other means, and three specimens showing the mark as actually used are presented herewith.

*Per A*

## APPOINTMENT OF DOMESTIC REPRESENTATIVE

Fross Zelnick Lehrman & Zissu, P.C., 633 Third Avenue, New York, New York 10017 (Telephone 212-953-9090) are hereby designated applicant's representatives upon whom notices or process in proceedings affecting the mark may be served.

## ADDRESS FOR CORRESPONDENCE

Applicant requests that all correspondence in connection with this application be directed to its attorneys, the law firm of Fross Zelnick Lehrman & Zissu, P.C., 633 Third Avenue, New York, New York 10017 (Telephone 212-953-9090), Attention: David Ehrlich.

## DECLARATION

The undersigned declares that he/she is an officer (or equivalent) of the applicant having the title indicated below and is authorized to execute this Declaration on behalf of the applicant; that he/she believes the applicant to be the owner of the mark sought to be registered, or, if the application is being filed under 15 U.S.C. 1051(b), he/she believes applicant to be entitled to use said mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation or association has the right to use said mark in commerce, whether in the identical form or in such near resemblance thereto as may be likely, when used on or in connection with the goods or services of such other person, to cause confusion, or to cause mistake, or to deceive; that all statements made herein of his/her own knowledge are true and that all statements on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of this application or any registration resulting therefrom.

Dated: ___CH-6340 Baar, 8 April___, 1997

Kirkbi AG

By: _____

Name: Sven S. Bach          Ulrich Mayes
Title: General Manager      Controller

1S-0Sb C:\WP\DOCS\DWB\LEGO.lm

| | |
|---|---|
| Applicant: | Kirkbi AG |
| Applicant's Address: | Neuhofstrasse 21<br>CH-6340<br>Baar, Switzerland |
| Date of First Use: | at least as early as 1961 |
| Date of First Use in<br>Commerce: | at least as early as 1961 |
| Goods: | Toy vehicles; toy figures and<br>construction toys (Class 28) |

| | |
|---|---|
| Attorney: | David Ehrlich |
| Address: | Fross Zelnick Lehrman & Zissu, P.C.<br>633 Third Avenue<br>New York, New York  10017<br>(212) 953-9090 |

# UNITED STATES DEPARTMENT OF COMMERCE
## Patent and Trademark Office

| | PAPER NO. |
|---|---|
| **SERIAL NO.**     **APPLICANT**<br>75/281464 Kirkbi AG | |
| **MARK**<br>MISCELLANEOUS DESIGN | **ADDRESS:**<br>Assistant Commissioner<br>for Trademarks<br>2900 Crystal Drive<br>Arlington, VA 22202-3513 |
| **ADDRESS**<br>DAVID EHRLICH<br>FROSS ZELNICK LEHRMAN & ZISSU PC<br>633 3RD AVE<br>NEW YORK NY 10017 | **ACTION NO.**<br><br>**MAILING DATE**<br>DEC 2 2 1997<br>**REF. NO.**<br><br>LEGO.97.0376 |

ACTION NO. / MAILING DATE / REF. NO. block:

**ACTION NO.**

**MAILING DATE**
DEC 2 2 1997

**REF. NO.**

LEGO.97.0376

If no fees are enclosed, the address should include the word "Box Responses - No Fee."
Please provide in all correspondence:
1. Filing Date, serial number, mark and Applicant's name.
2. Mailing date of this Office action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and ZIP code.

FORM PTO - 1525 (5-90)     U.S. DEPT. OF COMM. PAT. & TM OFFICE

**A PROPER RESPONSE TO THIS OFFICE ACTION MUST BE RECEIVED WITHIN 6 MONTHS FROM THE DATE OF THIS ACTION IN ORDER TO AVOID *ABANDONMENT*.** *For your convenience and to ensure proper handling of your response, a label has been enclosed. Please attach it to the upper right corner of your response. If the label is not enclosed, print or type the Trademark Law Office No., Serial No., and Mark in the upper right corner of your response.*

RE: Serial Number: 75/281464

The assigned examining attorney has reviewed the referenced application and determined the following:

## FUNCTIONALITY-PACKAGING-REFUSAL

The examining attorney refuses registration on the Principal Register because the proposed mark appears to be a functional design for the packaging for the identified goods. Trademark Act Sections 1, 2 and 45, 15 U.S.C. Sections 1051, 1052 and 1127. That is, the proposed mark consists of a design feature of the packaging for the goods which serves a utilitarian purpose. *In re Witco Corp.*, 14 USPQ2d 1557 (TTAB 1990); *In re Peters*, 6 USPQ2d 1390 (TTAB 1988); *In re Swift & Co.*, 217 USPQ 85 (TTAB 1982), *recon. denied*, 217 USPQ 87 (TTAB 1982); TMEP sections 1202.03(a) *et seq* and 1202.03(f)(ii).

In the present instance, the proposed mark appears to be functional for the packaging of the goods. The configuration which is comprising of a rounded circle appears to be designed to fit particularly, the packaging of construction toys. Since construction toys often come in different geometric shapes including circular, a rounded circled packaging would serve a functional purpose. Accordingly, the registration is refused.

75/281464                                    -2-

## FUNCTIONALITY-INFORMATION REQUEST

The applicant should provide the following information to permit the examining attorney to reach an informed final determination concerning the proposed mark. The applicant should indicate whether the proposed mark is the subject of either a design or utility patent. If so, the applicant should provide all information concerning the patent. The applicant should indicate whether alternative designs are available for the feature embodied in the proposed mark. The applicant should indicate whether the alternative designs are equally efficient and whether alternatives are more costly to produce. The applicant must also provide information concerning designs used by competitors.

The applicant should also provide any available advertising, promotional or explanatory material concerning the goods, particularly any material specifically related to the feature embodied in the proposed mark. The applicant may also furnish any other evidence the applicant considers relevant to the registrability of the proposed mark. *In re Teledyne Industries, Inc.*, 696 F.2d 968, 217 USPQ 9 (Fed. Cir. 1982); 37 C.F.R. Section 2.61(b); TMEP section 1202.03(a)(iii).

## Prior Pending Application

Although the examining attorney has searched the Office records and has found no similar *registered* mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), the examining attorney encloses information regarding pending Application Serial No.74-584355. 37 C.F.R. Section 2.83.

There may be a likelihood of confusion between the applicant's design mark and the design mark in the above noted application under Section 2(d) of the Act. The filing date of the referenced application precedes the applicant's filing date. If the earlier-filed application matures into a registration, the examining attorney may refuse registration under Section 2(d).

If the applicant believes that there is no potential conflict between this application and the earlier-filed application, the applicant may present arguments relevant to the issue in a request to remove the application from suspension. The election to file or not to file such a request at this time in no way limits the applicant's right to address this issue at a later point.

## RESPONSE

While the statutory response is six months from the mailing date of this Office Action, a prompt response will expedite prosecution of this application.

Sally Shih
Examining Attorney
Law Office 106
(703) 308-9106 ext.227



● Lo/106 ●

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In the Matter of                        :
                                        :
  Kirkbi AG                             :
                                        : Sally Shih
Serial No.:   75/281464                 : Trademark Attorney
                                        : Law Office 106
Filed:    April 25, 1997                :
                                        :
Mark:     Miscellaneous Design          :
                                        :
Our Ref:  LEGO TA-97/03765              :

                RESPONSE TO OFFICE ACTION DATED DECEMBER 22, 1997

Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia   22202-3513

Attn: BOX RESPONSE - NO FEE

        This is in response to the Office Action dated December 22,

1997.

        Regarding the tentative blocking citation, on page 2 of the

Office action, of the prior pending application SN 74/584355,

that application is now owned by the applicant.   The title change

document is recorded at Reel 1640 Frame 0589.   Accordingly, that

blocking citation should be withdrawn.

        Regarding the functionality packaging refusal and

information request, it is respectfully suggested that the

objection may be based on a slight mis-understanding as to the

nature of the specimen.   The specimen is a lid for a bucket-

shaped container in which the goods are sold.   The cylindrical

surface features on the lid in the specimen have no functional

purpose whatsoever.   The toys in the bucket do not extend over

the rim of the bucket and do not fill up the cylindrical space inside the cylinders on the bucket lid (the specimen). The cylinders do not hold cylindrical products in place or serve any utilitarian purpose at all. Their sole purpose on the lid is to identify the source of the products and to function as a design trademark. Attached is a photograph of an entire bucket package, so that you can better understand how the specimen fits on top of the package. The cross-section of the package, like the cross-section of the lid, is essentially rectangular with rounded corners.

We wish to make absolutely clear that we are not claiming rights in a cylinder as an overall configuration of a package. Of course, cylindrical packages are very commonplace and easy to manufacture and might be considered functional. The mark is <u>not</u> a design of a cylindrical package.

Indeed, the addition of cylinders to a lid of a bucket-type package makes the lid anti-functional, rather than functional. If the lid on the package were a plain flat lid, it would be easier and less expensive to manufacture. Thus, the specimen lid is an example of a classical anti-functional use of a design trademark, rather than a functional use.

Regarding the functionality information request, the mark is not the subject of a design patent or a utility patent. An endless number of alternative designs is available for the goods and for packaging of the goods.

2

The form information paragraph on page 2 also refers to information concerning designs used by competitors.  However, in view of the fact that the packaging design shown in the specimen is entirely non-utilitarian, there is no point in having evidence or an extended discussion about the different kinds of packaging that are used by competitors.

If necessary, in order to clarify the nature of the mark, we would be pleased to place a description of the mark into the record, for publication in the Official Gazette, to make it clear that the mark consists of a cylindrical surface feature, and is not the configuration of the entire product or package.

Accordingly, since all objections have now been answered, it is respectfully requested that the application be passed to publication.

Dated:  New York, New York
        March 30, 1998

"Express Mail" mailing label No. EM088180966US
Date of Deposit       March 30, 1998
I hereby certify that this paper or fee is being
deposited with the United States Postal Service as
"Express Mail Post Office to Addressee" service under
37 CFR 1.10 on the date indicated above and is
addressed to the Assistant Commissioner for Trademarks,
2900 Crystal Drive, Arlington, Virginia 22202-3513.
        DAVID EHRLICH
     (Printed name of person mailing paper or fee)

            (Signature)

Respectfully submitted,

FROSS ZELNICK LEHRMAN & ZISSU,
P.C.

By:
    David Ehrlich
Attorneys for Applicant
633 Third Avenue
New York, New York  10017
(212) 953-9090

15-01 I:\HOME\DALLEN\DOCS\PTO\LEGO\03765.ROA

3



## UNITED STATES DEPARTMENT OF COMMERCE
### Patent and Trademark Office

PAPER NO. 3A

| | |
|---|---|
| SERIAL NO. | APPLICANT |
| 75/281464 Kirkbi AG | |
| **MARK** | |
| MISCELLANEOUS DESIGN | |
| **ADDRESS** | |
| DAVID EHRLICH | |
| FROSS ZELNICK LEHRMAN & ZISSU PC | |
| 633 3RD AVE | |
| NEW YORK NY 10017 | |

ACTION NO. 02

MAILING DATE 05/21/98

REF. NO.

ADDRESS:
Assistant Commissioner
for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

If no fees are enclosed, the address should include the words "Box Responses - No Fee."

Please provide in all correspondence:
1. Filing Date, serial number, mark and Applicant's name.
2. Mailing date of this action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and ZIP code.

FORM PTO-1525 (5-90)          U.S. DEPT. OF COMM. PAT. & TM OFFICE

## EXAMINER'S AMENDMENT

| EXAMINING ATTORNEY | PERSON CALLED/INTERVIEWED | TELEPHONE NUMBER |
|---|---|---|
| Sally Shih | David Erlich | 212-953-9090 |
| X   TELEPHONE CALL | INTERVIEW DATE | X   ATTORNEY |
| PERSONAL INTERVIEW | May 21, 1998 | APPLICANT |

### CALL RECORD/NOTES

OFFICE SEARCH: The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). TMEP section 1105.01.
RE: Serial Number 75/281464

In accordance with the authorization granted by the above Applicant or attorney, the application has been AMENDED as indicated below. No response is necessary unless there is an objection to the amendment.

This letter responds to the applicant's communication filed on March 30, 1998. The applicant (1) argued against the refusal to register the mark under Functionality, (2) argued against the potential Section 2(d) refusal.

Please note that (1) and (2) have been accepted. The Functionality Refusal has been withdrawn and the potential Section 2(d) refusal has been withdrawn.

The following statements have been entered into the record:

### DESCRIPTION OF THE MARK

~~The mark consists of a cylindrical surface feature and is not the configuration of the entire packaging~~

75/281464                                    -2-

ASSIGNMENT
Please also note that the Section 2(d) refusal has been withdrawn due to the assignment.
Application serial # 74-84355 has been assigned to the applicant.  Please see attached
assignment documentation.


Sally Shih
Examining Attorney
Law Office 106
(703)308-9106 ext. 227

106

12-02-1998
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #34

# IN THE UNITED STATES PATENT AND TRADEMARK OF

In the Matter of:  Kirkbi AG                       :

Serial No:    75/281464                            :          Sally Shih
                                                   :          Examining Attorney
Filed:      April 25, 1997                         :          Law Office 106

Mark:      Miscellaneous Design                    :

Our Ref:    LEGO TA-97/037⁶⁵                       :

## RESPONSE TO OFFICE ACTION DATED JUNE 5, 1998

This is in response to the Office action dated June 5, 1998.

## AMENDMENT

Please amend the application to Section 2(f), and make of record the attached declaration in support of the claim of acquired distinctiveness.

Please amend the description of the mark (stated in the May 21, 1998 Examiner's amendment) by substituting, at the end, the phrase "entire product or packaging" instead of "entire packaging", so that the whole description of the mark will be:

The mark consists of a cylindrical surface feature and is not the configuration of the entire product or packaging.

## REMARKS

The only objection is the refusal based on non-distinctiveness.  In response, the applicant has now submitted overwhelming evidence of acquired distinctiveness, including recent U.S. sales in excess of $1 billion, recent U.S. advertising in excess of

$50 million, and two surveys showing high levels of consumer recognition of the studs as a source-indicator, among other evidence.

Since the only remaining objection has now been answered, it is respectfully requested that the application be passed to publication.

Dated:  New York, New York
        December 2, 1998

"Express Mail" mailing label No. EL137891303US

Date of Deposit  December 2, 1998

I hereby certify that this paper or fee is being deposited with the United States Postal Service as "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to the Assistant Commissioner for Trademarks, 2900 Crystal Drive, Arlington, Virginia 22202-3513.

DAVID EHRLICH
(Printed name of person mailing paper or fee)

(Signature)

Respectfully submitted,

FROSS ZELNICK LEHRMAN &
ZISSU, P.C.

By: _____
        David Ehrlich
Attorneys for Applicant
633 Third Avenue
New York, New York  10017
(212) 953-9090

I:\HOME\DALLEN\DOCS\LEGO\98120\-9703765-ROA-PTO-DA.DOC

2

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,273,314

Registered Aug. 31, 1999

## TRADEMARK
### PRINCIPAL REGISTER



KIRKBI AG (SWITZERLAND CORPORATION)
NEUHOFSTRASSE 21
CH–6340
BAAR, SWITZERLAND

FOR: TOY VEHICLES; TOY FIGURES AND CONSTRUCTION TOYS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 0–0–1961; IN COMMERCE 0–0–1961.

THE MARK CONSISTS OF A CYLINDRICAL SURFACE FEATURE AND IS NOT THE CON-FIGURATION OF ENTIRE PRODUCT OR PACKAGING.

SEC. 2(F).

SER. NO. 75–281,464, FILED 4–25–1997.

SALLY SHIN, EXAMINING ATTORNEY



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia 22202-3513

May 7, 1999

## NOTICE OF PUBLICATION UNDER 12(a)

1. Serial No.:
   75/281,464

2. Mark:
   Miscellaneous Design

3. International Class(es):
   28

4. Publication Date:
   Jun 8, 1999

5. Applicant:
   Kirkbi AG

The mark of the application identified appears to be entitled to registration. The mark will, in accordance with Section 12(a) of the Trademark Act of 1946, as amended, be published in the Official Gazette on the date indicated above for the purpose of opposition by any person who believes he will be damaged by the registration of the mark. If no opposition is filed within the time specified by Section 13(a) of the Statute or by rules 2.101 or 2.102 of the Trademark Rules, the Commissioner of Patents and Trademarks may issue a certificate of registration.

Copies of the trademark portion of the Official Gazette containing the publication of the mark may be obtained at $38.00 each for domestic orders, or at $47.50 each for foreign orders from:

The Superintendent of Documents
U.S. Government Printing Office
PO Box 371954
Pittsburgh, PA 15250-7954
Phone: (202)512-1800

By direction of the Commissioner.

PCFDLR (REV 12/97)

# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

RONALD J. LEHRMAN
DAVID WEILD III
STEPHEN BIGGER
MICHAEL I. DAVIS
ROGER L. ZISSU
MARIE V. DRISCOLL
RICHARD Z. LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
LISA PEARSON
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
GEORGES NAHITCHEVANSKY
CRAIG S. MENDE
PATRICK T. PERKINS
J. ALLISON STRICKLAND
JOHN P. MARGIOTTA
MARIA A. SCUNGIO

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N.Y. 10017

TELEPHONE: (212) 813-5900
FACSIMILE: (212) 813-5901
E-MAIL: fzlz@frosszelnick.com

JAMES D. SILBERSTEIN
RUTH E. LAZAR
JOYCE M. FERRARO
PHILIP T. SHANNON
MICHELLE P. FOXMAN
COUNSEL

ROBERT A. BECKER
TAMAR NIV BESSINGER
ANGELA KIM
LYDIA T. GOBENA
MICHAEL CHIAPPETTA
EVAN GOURVITZ
CARLOS CUCURELLA
NANCY C. DICONZA
ZOE HILDEN
LAUREN J. MANDELL
JAMES D. WEINBERGER
JASON M. VOGEL
VEJAY G. LALLA
DAVID I. GREENBAUM
DAVID DONAHUE
CHARLOTTA MEDER
MELISSA A. ANTONECCHIA
NANCY E. SABARRA
LAURA POPP-ROSENBERG
CARA A. BOYLE
IRENE SEGAL AYERS*
JOHN M. GALLACHER

*ADMITTED IN OH. ONLY

FEB 01 2005

Commissioner for Trademarks
P.O. Box 1451,
Alexandria, VA 22313-1451

Re:   Kirkbi AG
      Section 8 & 15 Declaration due on U.S. Trademark
      Reg. No. 2,273,314 for **Miscellaneous Design** in Class 28
      (Our Ref: LEGO USA TA-97/03765 DE)

> **Docket No.**
>
> LEGO-9703765

Dear Sirs:

I attach the following in respect of the above registration:

1. Section 8 & 15 Declaration
2. One (1) specimen of the mark

**Please charge the $300.00 Section 8 & 15 Declaration Official Filing fee to our deposit Account No. 23-0825-0576900.**

We look forward to receiving confirmation that the Declaration has been accepted.

Respectfully submitted,

David Ehrlich

DE/dms
Enclosures

I:\DSullivan\LEGO\050201-9703765-LEGO-cvrlt PTO sec8&15 Misc Design RN 2273314.doc

02-04-2005
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #72

1- 2-05;14:42 ;Zacco Denmark A/S                                    ;39488080          # 2/ 7
01/02 2005 TIR 11:13 FAX  +++ Hofman-Bang Zacco                                     003/008
1. FEB. 2005 11:00     INTERLEGO AG +41 41 7854423                      NR. 6564   S. 2/7

## SECTION 8 & 15 DECLARATION
## AND APPOINTMENT OF
## <u>DOMESTIC REPRESENTATIVE</u>

**MARK**       : Miscellaneous Design
**REG. NO.**   : 2,273,314
**REG. DATE**  : August 31, 1999
**CLASS**      : 28

**OUR REF**    : LEGO-97/03765

Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3514

The undersigned declares that: Kirkbi AG, a corporation organized and existing under the laws of Switzerland, located at Neuhofstrasse 21, CH-6340, Baar, Switzerland, is the owner of the above-identified registration as shown by the records of the United States Patent and Trademark Office; and that the mark shown therein has been in continuous use in commerce for five consecutive years after the date of registration, and is still in use in commerce on or in connection with all of the goods recited in the registration, as evidenced by the attached specimen showing such use; that there has been no final decision adverse to owner's claim of ownership of said mark for such goods or to owner's right to register the same or maintain the same on the Register; and that there is no proceeding involving said rights pending and not disposed of either in the Patent and Trademark Office or in the courts.

## <u>APPOINTMENT OF DOMESTIC REPRESENTATIVE</u>

Certificate of First Class Mailing
I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to the Commissioner for Trademarks, 2900 Crystal Drive, Arlington, Virginia 22202-3514 on:

February 1 2005                              Bull
(Date of Deposit)                            (Signature)

Diana Sullivan                               February 1 2005
(Printed name of person mailing paper or fee)   (Date of Signature)

1- 2-05:14:42   :Zacco Denmark A/S                    :39488080              # 3/ 7
01/02 2005 TIR 11:13  FAX   +++ Hofman-Bang Zacco                            @004/008

1. FEB. 2005 11:01    INTERLEGO AG +41 41 7854423          NR. 6564   S. 3/7

The firm Fross Zelnick Lehrman & Zissu, P.C., 866 United Nations Plaza, New York,
New York 10017, is hereby designated owner's representative upon whom notices or process in
proceedings affecting the mark may be served.

### ADDRESS FOR CORRESPONDENCE

The owner requests that all correspondence in connection with this declaration be
directed to the law firm of Fross Zelnick Lehrman & Zissu, P.C., 866 United Nations Plaza, New
York, New York 10017, (212) 813-5900; Attn: David Ehrlich.

### DECLARATION

The undersigned being hereby warned that willful false statements and the like so made
are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United
States Code and that such willful false statements may jeopardize the validity of this document,
declares that he/she is authorized to execute this document on behalf of the owner; that all
statements made herein of his/her own knowledge are true and that all statements made on
information and belief are believed to be true.

KIRKBI AG

By: _____

Name: __Ulrich Meyes_____ __Katrine Oellgaard__
        Controller          Administration Manager

Title (if applicable): _____

Date of Signature: _1 February 2005_



Specimen
Reg. No. 2,273,314

PTO Form 1963 (Rev 5/2006)
OMB No. 0651-0055 (Exp 12/31/2011)

# Combined Declaration of Use in Commerce & Application for Renewal of Registration of a Mark under Sections 8 & 9

## To the Commissioner for Trademarks:

**REGISTRATION NUMBER:** 2273314
**REGISTRATION DATE:** 08/31/1999

**MARK:** Design only

The owner, LEGO JURIS A/S, having an address of
    KOLDINGVEJ 2
    DK-7190 BILLUND,
    DK
is filing a Combined Declaration of Use in Commerce & Application for Renewal of Registration of a Mark under Sections 8 & 9.

For International Class 028, the mark is in use in commerce on or in connection with **all** goods or services listed in the existing registration for this specific class; or, the owner is making the listed excusable nonuse claim.

The owner is submitting one specimen showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) photo of mark on goods.
Specimen File1

The registrant hereby appoints DAVID EHRLICH of FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    866 UNITED NATIONS PLAZA
    NEW YORK, New York 10017
    United States
to file this Combined Declaration of Use in Commerce & Application for Renewal of Registration of a Mark under Sections 8 & 9 on behalf of the registrant. The attorney docket/reference number is LEGO 9703765.

The registrant hereby appoints Fross Zelnick Lehrman & Zissu, P.C., having an address of
    866 United Nations Plaza
    New York, New York 10017
    United States
as registrant's representative upon whom notice or process in the proceedings affecting the mark may be served.

A fee payment in the amount of $500 will be submitted with the form, representing payment for 1 class(es), plus any additional grace period fee, if necessary.

**Declaration**

**Original PDF file:**
hw_631381729-170747545_._Renewal_signed_form_for_Misc.___One_Stud___Design___F0457960_.PDF
**Converted PDF file(s) (2 pages)**
Signature File1
Signature File2
Signatory's Name: Peter Kjaer
Signatory's Position: Deputy General Counsel

Signatory's Name: Anne-Mette Lehm Laursen
Signatory's Position: Corporate Counsel

Mailing Address **(current):**
   FROSS ZELNICK LEHRMAN & ZISSU PC
   866 UNITED NATIONS PLAZA
   NEW YORK, New York 10017

Mailing Address **(proposed):**
   FROSS ZELNICK LEHRMAN & ZISSU, P.C.
   866 UNITED NATIONS PLAZA
   NEW YORK, New York 10017

Serial Number: 75281464
Internet Transmission Date: Mon May 18 17:09:18 EDT 2009
TEAS Stamp: USPTO/S08N09-63.138.172.9-20090518170918
458005-2273314-440341acc606dc449cccb5f9f
3bd0fedd29-DA-3419-20090518170747545599

Pick A Brick | LEGO Shop

Page 1 of 2



## Shop

United States    English    0 items in n



### Subscribe to LEGO® Shop Emails
Receive news and information from the World's Biggest LEGO® Shop!

You are here:   Home › Pick A Brick

# Pick A Brick
Buy individual LEGO bricks, elements
and minifigures to expand your LEGO collection!

Simply add your individual bricks to your Pick A Brick Bag. Once you have chosen your individu
minifigures click 'Go to Shopping Cart' to continue your LEGO online shopping trip and complete

| Brick Search | Details | Brick Bag |
|---|---|---|

Brick Search

Category
Select Category

Color Family ❓
Select Color

View All Bricks

**Advanced Search**

Brick Name ▶

Element ID ▶

Design ID ▶

Exact Color ❓
Select Color

Search Help

⚠ WARNING: Choking Hazard
Small parts. Not for children
under 3 years.

### Details

**Brick 1X1**



Color Family: Green
Exact Color: Dark green
Category: Bricks

Element ID: 300528
Design ID: 3005
Price: 0.07 USD

◀ BACK        Add to Bag ▶

All bricks
in same color        Same brick
in all colors

### Brick Bag

See your i
Bag content

http://shop.lego.com/pab/?vesrion=false          5/14/2009

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## COMBINED DECLARATION OF USE IN COMMERCE/
## APPLICATION FOR RENEWAL OF REGISTRATION UNDER §§ 8 AND 9

**MARK:**    Miscellaneous design

**REG. NO.:**    2273314

**REG. DATE:**    August 31, 1999

**CLASS:**    28

**OWNER:**    LEGO Juris A/S

**ENTITY:**    a Denmark corporation

**ADDRESS:**    Koldingvej 2
Billund,  DK-7190
Denmark

**OUR REF:**    LEGJ 9703765

**Commissioner for Trademarks**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

The above identified owner is using the mark in commerce on or in connection with all goods listed in the existing registration as evidenced by the attached specimen showing the mark as currently used in commerce.

The owner requests that the registration be renewed for the goods identified above.

---

**IF93338442.1 Certificate of First Class Mailing**

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to the Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451 on:

_____
(Date of Deposit)

_____
(Signature)

_____
(Printed name of person mailing paper or fee)

_____
(Date of Signature)

## ADDRESS FOR CORRESPONDENCE

The owner requests that all correspondence in connection with this declaration be directed to the law firm of Fross Zelnick Lehrman & Zissu, P.C., 866 United Nations Plaza, New York, New York  10017, (212) 813-5900; Attn: David Ehrlich.

## APPOINTMENT OF DOMESTIC REPRESENTATIVE

The firm Fross Zelnick Lehrman & Zissu, P.C. is hereby designated owner's representative upon whom notices or process in proceedings affecting the mark may be served.

## DECLARATION

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

LEGO Juris A/S

By: _____

Name: _____
    Peter Kjær
    Deputy General Counsel   Anne-Mette Lehm Laursen
    Corporate Counsel

Title: _____

Date of Signature: _11 May 2009_

{N0399847.1}

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 64 JVS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

Name & Address:
Ben M. Davidson (State Bar No. 181464)
Heather H. Fan (State Bar No. 215201)
DAVIDSON LAW GROUP
11377 West Olympic Boulevard
Los Angeles, California 90064

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MEGA BRANDS INC., a foreign corporation, and MEGA BRANDS AMERICA INC, a New Jersey corporation, PLAINTIFF(S) | CASE NUMBER |
| --- | --- |
| | **SACV12 - 0064 JVS (ANx)** |
| LEGO JURIS A/S a foreign corporation, and Lego Group a foreign corporation DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, <u>Ben M. Davidson</u>, whose address is <u>Davidson Law Group, 11377 West Olympic Boulevard, Los Angeles, California 90064</u>.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

JAN 1 3 2012

Clerk, U.S. District Court

**DODJIE LAGMAN**

Dated: _____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL

Name & Address:
Ben M. Davidson (State Bar No. 181464)
Heather H. Fan (State Bar No. 215201)
DAVIDSON LAW GROUP
11377 West Olympic Boulevard
Los Angeles, California 90064

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGA BRANDS INC., a foreign corporation, and MEGA BRANDS AMERICA INC, a New Jersey corporation PLAINTIFF(S) | CASE NUMBER<br><br>**SACV12 - 0064 JVS (ANx)** |
| LEGO JURIS A/S a foreign corporation, and Lego Group a foreign corporation DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Ben M. Davidson , whose address is Davidson Law Group, 11377 West Olympic Boulevard, Los Angeles, California 90064 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  JAN 13 2012

By:  **DODJIE LAGMAN**          SEAL

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MEGA BRANDS INC. and MEGA BRANDS AMERICA, INC. | LEGO JURIS A/S and LEGO GROUP |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Ben Davidson, Davidson Law Group, 11377 West Olympic Blvd, Los Angeles, CA  90064, (310) 473-2300 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The statute arises under 15 USC § 2 and 15 USC §§ 15(a) and 26, based on Defendants attempted monopolization of the US market through an invalid trademark

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV12 - 0064 JVS (ANx)

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| MEGA Brands America, Inc. resides in Orange County | MEGA Brands Inc. resides in Canada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | LEGO Group and LEGO Juris A/S reside in Denmark |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Each claim arose through actions and representations in Orange County. | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Glen Davidson_    Date _1/13/2012_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |